**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4186**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

FREDDIE LEE MCRAE,

                Defendant - Appellant.

_____

**No. 21-4308**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

FREDDIE LEE MCRAE,

                Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:19-cr-00268-LMB-1)

_____

Submitted: June 27, 2022                Decided: August 29, 2022

_____

Before KING, DIAZ, and RUSHING, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:** Matthew B. Kaplan, KAPLAN LAW FIRM, Arlington, Virginia, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Lee McRae pleaded guilty to three counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a)(ii). The predicate crime of violence for two of the counts was armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and for the final count, Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). The district court sentenced McRae to the statutory minimum of 84 months on each count, to be served consecutively, for a total term of 252 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether McRae knowingly and intelligently waived his right to appeal and whether armed bank robbery and Hobbs Act robbery constitute valid crimes of violence for his § 924(c) convictions. The Government has moved to dismiss the appeal pursuant to the appellate waiver in McRae's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotations marks omitted). Generally, "if a district court questions a defendant regarding the waiver of

3

appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea is voluntary and not the result of any threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Because McRae did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that the district court complied with the requirements of Rule 11 and ensured that McRae was competent to plead guilty and was pleading guilty knowingly and voluntarily. Moreover, our review of the record confirms that McRae knowingly and voluntarily waived his right to appeal his convictions and sentence. We therefore conclude that the waiver is valid and enforceable.

4

Counsel also questions whether Hobbs Act robbery and armed bank robbery are crimes of violence and, therefore, whether McRae's § 924(c) convictions are invalid. However, as counsel concedes, we have held that both Hobbs Act robbery and armed bank robbery constitute crimes of violence. *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019) (Hobbs Act robbery); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (armed bank robbery).

In accordance with *Anders*, we have reviewed the entire record in these appeals and have found no potentially meritorious issues outside the scope of McRae's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. We affirm as to any issue outside the scope of the waiver. This court requires that counsel inform McRae, in writing, of the right to petition the Supreme Court of the United States for further review. If McRae requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McRae.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5